UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Teofila A. Velasquez
and other similarly
situated individuals,

      Plaintiff(s),

v.

Prostaff Services USA LLC,

      Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Teofila A. Velasquez, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Prostaff Services USA LLC, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Teofila A. Velasquez is a Dade County resident within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Prostaff Services USA LLC (from now Prostaff Cleaning, or Defendant) is a Florida Limited Liability Company, doing business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

4.  Defendant Prostaff Cleaning was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5.  All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

General Allegations

6.  Plaintiff Teofila A. Velasquez brings this cause of action as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2023, (the "material time") without being adequately compensated.

7.  Defendant Prostaff Cleaning is a commercial cleaning company providing services to the hospitality industry.

8.  Defendant Prostaff Cleaning was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1), (2) (A), and 203(s)(1)(A). Defendant is a commercial cleaning company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a housekeeper providing services for hotels and resorts engaged in interstate commerce. To perform her work, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendant Prostaff Cleaning employed Plaintiff Teofila A. Velasquez as a non-exempted, full-time, hourly employee from approximately August 28, 2023, to December 17, 2023, or 16 weeks.

11. Plaintiff was hired as a housekeeper performing her work at AC Hotels By Marriot Miami Brickell located at 115 SW 8 Street, Miami, Florida 33130.

12. During her employment with Defendant, Plaintiff had an irregular schedule. Plaintiff worked five days per week.  During the week, Plaintiff worked 3 days from 9:00 AM to 5:30 PM (8.5 hours) and 2 days from 9:00 AM to 7:00 PM (10 hours).  Plaintiff worked a total of 45.5 hours weekly. Plaintiff did not take bonafide lunchtime hours.

13. Plaintiff worked more than 40 hours weekly, but she was paid only 40 regular hours, and she was not paid for overtime hours, as required by law.

14. Plaintiff clocked in and out, and Defendant could track the hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

16. Plaintiff was paid bi-weekly by direct deposits, without paystubs showing accurate information about the number of days and hours worked, wage rate paid, employee taxes withheld etc.

17. On or about December 17, 2023, Defendant Prostaff Cleaning fired Plaintiff after she suffered an accident while working at the installations of AC Hotels By Marriot Miami Brickell.

18. Plaintiff Teofila A. Velasquez seeks to recover unpaid overtime wages for every hour worked over 40 during her employment, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

19. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

20. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour at the rate of time and one-half their regular rate.

21. This action is intended to include every housekeeper and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

22. Plaintiff Teofila A. Velasquez re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. Plaintiff Teofila A. Velasquez brings this cause of action as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable

Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2023, (the "material time") without being adequately compensated.

24. Defendant Prostaff Cleaning employed Plaintiff Teofila A. Velasquez as a non-exempted, full-time, hourly employee from approximately August 28, 2023, to December 17, 2023, or 16 weeks.

25. Plaintiff was hired as a housekeeper performing her work at AC Hotels By Marriot Miami Brickell, located at 115 SW 8 Street, Miami, Florida 33130.

26. During her employment with Defendant, Plaintiff had an irregular schedule. Plaintiff worked five days per week.  During the week, Plaintiff worked 3 days from 9:00 AM to 5:30 PM (8.5 hours daily) and 2 days from 9:00 AM to 7:00 PM (10 hours daily).  Plaintiff worked a total of 45.5 hours weekly. Plaintiff did not take bonafide lunchtime hours

27. Plaintiff worked more than 40 hours weekly, but she was paid only 40 regular hours and was not paid for overtime hours, as required by law.

28. Plaintiff clocked in and out, and Defendant could track the hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

30. Plaintiff was paid bi-weekly by direct deposits, without paystubs showing accurate information about the number of days and hours worked, wage rate paid, employee taxes withheld etc.

31. On or about December 17, 2023, Defendant Prostaff Cleaning fired Plaintiff after she suffered an accident while working at the installations of AC Hotels By Marriot Miami Brickell.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

34. Plaintiff is not in possession of time and payment records, but she will provide a good-faith estimate of her unpaid O/T based on her recalls and her knowledge. Plaintiff will amend her Statement of Claim after discovery.

*Please note that this amount is based on a preliminary calculation. These figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages:</u>

    One Thousand Five Hundred Eighty-Four Dollars and 00/100 ($1,584.00)

    b. <u>Calculation of such wages:</u>

    Total period of employment: 16 weeks

Relevant weeks of employment:  16 weeks approximately
Total hours worked:  45.5 hours weekly average
Total  unpaid O/T hours:  5.5 overtime hours
Wage rate paid: $12.00 an hour x 1.5=$18.00
O/T rate: $18.00

O/T $18.00 x 5.5 O/T hours=$99.00 weekly x 16 weeks=$1,584.00

   c.  <u>Nature of wages (e.g., overtime or straight time):</u>[1]

This amount represents unpaid overtime wages.

35. At all times material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

36. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

37. Defendant Prostaff Cleaning willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

38. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Teofila A. Velasquez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Teofila A. Velasquez and other similarly situated individuals and against Defendant Prostaff Cleaning based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Teofila A. Velasquez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Teofila A. Velasquez demands trial by a jury of all issues triable as of right by a jury.

Date:  January 31, 2024,

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156

Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*